**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| CAROLYN M. NICHOLSON, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2:19-cv-04084-NKL |
| IOC-BOONVILLE, INC. D/B/A ISLE OF CAPRI CASINO HOTEL BOONVILLE, | Case No. 4:16-cv-00902-NKL |
| | Case No. 4:19-cv-00553-NKL |
| Defendant. | Case No. 2:19-cv-04228-NKL |
| CYNTHIA D. LARSON, individually, and on behalf of all others similarly situated, | Case No. 2:19-cv-04226-NKL |
| | Consolidated for Purposes of Settlement |
| Plaintiff, | |
| v. | |
| ISLE OF CAPRI CASINOS, INC., and IOC-KANSAS CITY, INC. d/b/a ISLE OF CAPRI CASINO KANSAS CITY, | |
| Defendants. | |
| MICHAEL C. LILLEY, and KELLY G. LEWIS, both individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| IOC-KANSAS CITY, INC. d/b/a ISLE OF CAPRI CASINO KANSAS CITY, | |
| Defendant. | |

| | |
|---|---|
| MARIA L. SMITH, and<br>CASANDRA J. HENDERSON,<br>individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>IOC-CAPE GIRARDEAU LLC D/B/A ISLE CASINO CAPE GIRARDEAU,<br><br>      Defendant. | |
| PAMELA G. DUNLAP, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>IOC-CARUTHERSVILLE, LLC D/B/A LADY LUCK CASINO CARUTHERSVILLE,<br><br>      Defendant. | |

**ORDER**

Before the Court is Plaintiffs' Sealed Unopposed Motion for Approval of FLSA Collective Action Settlement (Doc. 56), along with Plaintiffs' Suggestions in Support (Doc. 57) and the Declaration of Ryan L. McClelland (Doc. 57-1). Having considered the evidence and arguments presented, and the relevant legal authorities, the Court GRANTS the motion, and hereby ORDERS and ADJUDGES as follows:

    1.    For settlement purposes, the Court finds that members of the proposed settlement collective are "similarly situated" under Section 16(b) of the Fair Labor Standards Act

2

("FLSA"), 29 U.S.C. § 201 *et seq*. Members of the proposed settlement collective raise similar legal issues arising from a common policy or practice alleged to be unlawful under the FLSA. Fairness and procedural considerations, including the number of similarly situated employees covered by the settlement collective and the effectiveness of allowing them to join in the litigation to participate in a common settlement, also weigh in favor of collective action treatment. Accordingly, pursuant to 29 U.S.C. § 216(b), the Court certifies this case as an FLSA collective action for settlement purposes.

2. The Court has no difficulty concluding that the parties' FLSA collective action settlement – negotiated at arm's length by experienced counsel with the assistance of a highly regarded wage-and-hour mediator – fairly and reasonably resolves a bona fide dispute, in light of, among other things, the benefits accruing to members of the FLSA settlement collective, the substantial discovery conducted by the parties, the parties' motion practice on contested issues, and the complexity, risk, expense and possible length of time of continued litigation. Accordingly, the Court concludes that the parties' FLSA collective action settlement meets the applicable standard for approval under 29 U.S.C § 216(b) as a fair and equitable resolution of a bona fide dispute.

3. The Court approves the proposed service enhancement payments because they are reasonable and warranted based on the actions that these recipients took over the course of the litigation to protect and advance the interests of others to whom a substantial benefit has been conferred under the settlement.

4. The Court finds that the parties' proposed Notice, Claim Form, and plan for distribution and settlement administration include content and utilize a process that is fair, adequate and reasonable for settlement of an FLSA collective action. The Notice and Claim

Form are written in clear, concise and easy to understand language. The Notice and Claim Form fairly and accurately explain to eligible collective members their legal rights and options under the settlement. Accordingly, the Court approves the parties' proposed Notice, Claim Form, and plan for distribution and settlement administration. The Court also approves the parties' selection of Analytics Consulting, LLC as the settlement administrator.

5. The Court approves the parties' negotiated agreement that plaintiffs' counsel receive as a reasonable attorney's fee one-third (33.3%) of the common fund recovered for the benefit of the FLSA settlement collective, plus reimbursement of their stipulated litigation costs. The reasonableness of this award of attorney's fees using the "percentage of the benefit" approach is supported by those factors often considered relevant in a common fund situation, including (1) the amount involved and results obtained; (2) the contingent nature of the fee; (3) the novelty and difficulty of the questions raised with respect to the parties' claims and defenses; (4) the experience, reputation and ability of the attorneys; and (5) awards in similar cases. Although not required, cross-checking the attorney's fee request against the lodestar in this case also demonstrates its reasonableness. The stipulated litigation costs appear reasonable and are of the kind and character typically reimbursed from a settlement fund. Accordingly, the Court approves the requested award of reasonable attorney's fees and reimbursement of stipulated litigation costs.

6. Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary and appropriate for the construction and implementation of the terms of the Settlement Agreement.

7. This action is hereby dismissed in its entirety as against defendants with prejudice, and without attorney's fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

IT IS SO ORDERED.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 11, 2020
Jefferson City, Missouri